Filed 3/17/25  County of Ventura Dept. of Child Support Svcs. v. Brown CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| COUNTY OF VENTURA DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JARED-COREY BROWN,<br><br>     Defendant and Respondent. | 2d Civ. No. B339403<br>(Super. Ct. No. D402344)<br>(Ventura County) |

Jared-Corey Brown appeals from an order denying his request for an order exonerating him from enforcement of a final child support judgment obtained by the County of Ventura Department of Child Support Services (County).  We conclude the trial court did not err by denying his request.  We affirm.

FACTS

The County filed an action against Brown to require him to pay child support for his two children.  The County claimed "[p]ursuant to [the] Family Code," it "has the responsibility for

establishing, modifying, and enforcing child support obligations," and "public assistance is being provided for" Brown's "minor children."

After service of the complaint, Brown did not file an answer. His default was entered. On February 8, 2022, the trial court entered a "judgment regarding parental obligations" ordering Brown to pay monthly in support of $474 for one child and $801 for his other child.

Brown did not pay the support amounts the trial court ordered. As of May 15, 2024, his "child support arrearages" exceeded $19,000.

On April 25, 2024, Brown filed a request for an order entitled "Brown's Bill for Exoneration of Surety." This incomprehensible filing appears to request that Brown's obligation to pay child support be exonerated or discharged.

On June 4, 2024, the trial court held a hearing on Brown's request for an order filed on April 25, 2024. The County asked the trial court to deny Brown's request on the ground that he failed "to state a factual and legal basis to grant any of the relief sought." The County argued there was no "legal basis for the relief" Brown sought, which included: 1) a demand for an injunction against the County to prevent it from collecting child support; 2) a demand that the County reimburse Brown for support payments he previously made; and 3) a request that the County pay Brown "$5,000.00 for redemption."

The trial court then told Brown, "I'm giving you an opportunity to argue any issues you would like to argue." Brown replied as follows:

Brown: "Yes. The matter beforehand is they were tendered, special deposit, which equitable subrogation and

2.

substitution should have been afforded, and the party has failed to do so."

The court: "Anything else?"

Brown: "No."

The court: "Your request is denied, sir.  All existing orders remain in effect.  Thank you."

In its minute order of June 4, 2024, the trial court stated: "The Court denies [Brown's] Motion for failure to provide a factual or legal basis to grant the requested relief."

Brown appeals from the trial court' s order of June 4, 2024.

## DISCUSSION

Brown must present an opening brief that complies with the California Rules of Court.  But he has not included a summary of significant facts with citations to the record.  (Cal. Rules of Court, rule 8.204.)  If " 'a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)  Consequently, Brown has not shown that the trial court's findings are not supported by the record.

Brown's opening brief contains many irrelevant and conclusory accusations about the County that do not constitute legal arguments.  But we have attempted to respond to his claims.

Brown appears to challenge the County's authority to seek child support from him.  But the County was providing public assistance for his children, and Brown was the parent who had the child support obligation.  The County has the authority to seek child support.  (Fam. Code, § 17400, subd. (a)(1); *In re Marriage of Comer* (1996) 14 Cal.4th 504, 510.)

3.

Brown appears to contend that he sent a payment to the child support collection office for $14,502.02 in November 2023 that ended his liability for child support. But he presented no evidence to show that he was current on his support payments as of the hearing date. The County stated that as of May 15, 2024, Brown's "current child support arrearages in this case exceed $19,000.00." Brown did not testify at the hearing on his motion or advise the court that he disagreed with the $19,000 calculation of back support claimed by the County. We do not decide credibility or resolve conflicting evidentiary issues as that is the role of the trial court. (*In re Marriage of Williams*, *supra*, 150 Cal.App.4th at p. 1234.) The County has an official duty to properly calculate the amount of back child support. There is a "presumption that official duty has been regularly performed." (*People v. Martinez* (2000) 22 Cal.4th 106, 137.) Brown has not shown why the trial court could not reasonably resolve this issue of back support liability in favor of the County.

Brown appears to claim the County is equitably estopped from seeking any more child support payments from him. He argues that he attached a note with his November 2023 payment stating "accepted for value," the payment was processed, and the County therefore was bound by that compromise of his debt.

But the County showed Brown still owes in excess of $19,000 for child support. The County did not agree to accept the November 2023 payment to end his child support obligation. His short, ambiguous note is not a valid agreement to compromise a support debt and he may not attempt to equitably estop the County from collecting such a debt. (*City of Oakland v. Oakland Police & Fire Retirement System* (2014) 234 Cal.App.4th 210, 239-240; *In re Marriage of Iberti* (1997) 55 Cal.App.4th 1434, 1439.)

Barring the County from collecting the full amount of child support violates public policy and the law by allowing a parent to escape his legal duty to pay support. This defeats Brown's governmental estoppel claim. (*West Washington Properties, LLC v. Dept. of Transportation* (2012) 210 Cal.App.4th 1136, 1146.) Child support is a continuing monthly obligation. Brown cannot unilaterally end this obligation by making a payment in 2023, and he cannot terminate his continuing duties to support his children and comply with the court's support order by claiming an estoppel. (*Ibid.*) His remaining claims are not meritorious.

DISPOSITION

The order denying Brown's request for an order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

5.

Amy E. Van Sickle, Commissioner

Superior Court County of Ventura

_____


Jared-Corey Brown, in pro. per., for Defendant and Respondent.

No appearance for Plaintiff and Respondent.